# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BILLY DRIVER, JR., <br><br> Plaintiff, <br><br> v. <br><br> MAYA, *et al.*, <br><br> Defendants. | Case No. 1:23-cv-01251-BAM (PC) <br><br> ORDER GRANTING MOTION TO PROCEED *IN FORMA PAUPERIS* <br><br> (ECF No. 2) <br><br> ORDER DIRECTING PAYMENT OF INMATE FILING FEE BY CALIFORNIA DEPARTMENT OF CORRECTIONS |

Plaintiff Billy Driver, Jr. ("Plaintiff") is appearing *pro se* in this civil rights action pursuant to 42 U.S.C. § 1983. On July 10, 2023, Plaintiff filed a motion to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915, and on July 13, 2023 filed a certified trust account statement. (ECF Nos. 2, 5.) This action was transferred from the Sacramento Division of the United States District Court for the Eastern District of California on August 22, 2023. (ECF No. 10.)

Plaintiff is subject to 28 U.S.C. § 1915(g), which provides that "[i]n no event shall a prisoner bring a civil action . . . under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious

physical injury."[1]

However, upon review of Plaintiff's complaint, the Court finds that his allegations may satisfy the imminent danger exception to section 1915(g), at the time the complaint was filed. *Andrews v. Cervantes*, 493 F.3d 1047, 1053−55 (9th Cir. 2007).[2]

Plaintiff has made the showing required by § 1915(a) and accordingly, the request to proceed *in forma pauperis* will be granted. Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action. 28 U.S.C. § 1915(b)(1). Plaintiff is obligated to make monthly payments in the amount of twenty percent (20%) of the preceding month's income credited to Plaintiff's trust account. The California Department of Corrections is required to send to the Clerk of the Court payments from Plaintiff's trust account each time the amount in the account exceeds $10.00, until the statutory filing fee is paid in full. 28 U.S.C. § 1915(b)(2).

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's application to proceed *in forma pauperis*, (ECF No. 2), is GRANTED;

2. **The Director of the California Department of Corrections or his or her designee shall collect payments from Plaintiff's prison trust account in an amount equal to twenty per cent (20%) of the preceding month's income credited to the prisoner's trust**

---

[1] The Court takes judicial notice of the following United States District Court cases: (1) *Driver v. Martel*, Case No. 2:08-cv-01910-GEB-EFB (E.D. Cal.) (dismissed September 16, 2009, for failure to state a claim); (2) *Driver v. Epp*, Case No. 2:12-cv-00589-EFB (E.D. Cal.) (dismissed September 5, 2012, for failure to state a claim); (3) *Driver v. Kelso*, Case No. 2:11-cv-02397-EFB (E.D. Cal.) (dismissed September 12, 2012 for failure to state a claim); (4) *Driver v. Zamora*, Case No. 2:14-cv-02170-BRO-AGR (C.D. Cal.) (dismissed August 21, 2014, for failure state a claim); (5) *Driver v. Doe*, Case No. 2:19-cv-03791-GW-AGR (C.D. Cal.) (dismissed June 14, 2021 for failure to file an amended complaint following a screening order finding failure to state a claim); (6) *Driver v. Gibson*, Case No. 2:20-cv-00642-KJM-DMC (E.D. Cal.) (dismissed February 17, 2022 for failure to state a claim); and (7) *Driver v. CHCF*, Case No. 2:21-cv-00745-TLN-DMC (E.D. Cal.) (dismissed June 21, 2023 for failure to file an amended complaint following a screening order finding failure to state a claim).

The Court also takes judicial notice of the following United States Court of Appeals cases: (1) *Driver v. Mora*, Case No. 15-55224 (9th Cir.) (dismissed May 15, 2015, for failure to pay the filing fee, following a denial of *in forma pauperis* status for filing a frivolous appeal); and (2) *Driver v. United States*, Case No. 19-1942 (Fed. Cir.) (dismissed November 7, 2019, as frivolous).

*See Harris v. Mangum*, 863 F.3d 1133, 1142 (9th Cir. 2017) ("[W]hen we review a dismissal to determine whether it counts as a strike, the style of the dismissal or the procedural posture is immaterial. Instead, the central question is whether the dismissal rang the PLRA bells of frivolous, malicious, or failure to state a claim.") (citing *El-Shaddai v. Zamora*, 833 F.3d 1036, 1042 (9th Cir. 2016)) (internal quotations omitted).

[2] In the complaint, Plaintiff alleges that he is being forced to take medication that causes him chest pain, heart palpitations, bradycardia, tachycardia, and gynecomastia. (ECF No. 1, pp. 3–4.) At this time, the Court expresses no opinion on the merits of Plaintiff's claims.

**account and shall forward those payments to the Clerk of the Court each time the amount in the account exceeds $10.00, in accordance with 28 U.S.C. § 1915(b)(2), until a total of $350.00 has been collected and forwarded to the Clerk of the Court. The payments shall be clearly identified by the name and number assigned to this action;**

3. The Clerk of the Court is directed to serve a copy of this order and a copy of Plaintiff's *in forma pauperis* application on Director of the California Department of Corrections, via the Court's electronic case filing system (CM/ECF); and

4. The Clerk of the Court is directed to serve a copy of this order on the Financial Department, U.S. District Court, Eastern District of California.

IT IS SO ORDERED.

Dated: __August 23, 2023__          /s/ *Barbara A. McAuliffe*
                                    UNITED STATES MAGISTRATE JUDGE