# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BILLY DRIVER, JR., <br><br> Plaintiff, <br><br> v. <br><br> MAYA, *et al.*, <br><br> Defendants. | Case No. 1:23-cv-01251-BAM (PC) <br><br> ORDER REQUIRING PLAINTIFF TO SHOW CAUSE WHY ACTION SHOULD NOT BE DISMISSED, WITHOUT PREJUDICE, FOR FAILURE TO EXHAUST PRIOR TO FILING SUIT <br><br> (ECF No. 1) <br><br> **TWENTY-ONE (21) DAY DEADLINE** |

Plaintiff Billy Driver, Jr. ("Plaintiff") is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983. This action was initiated on July 10, 2023, (ECF No. 1), in the Sacramento Division of the United States District Court for the Eastern District of California, and was transferred to the Fresno Division on August 22, 2023, (ECF No. 10).

Pursuant to the Prison Litigation Reform Act of 1995 ("PLRA"), "[n]o action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). Prisoners are required to exhaust the available administrative remedies prior to filing suit. *Jones v. Bock*, 549 U.S. 199, 211 (2007); *McKinney v. Carey*, 311 F.3d 1198, 1199–1201 (9th Cir. 2002). Exhaustion is required

regardless of the relief sought by the prisoner and regardless of the relief offered by the process, *Booth v. Churner*, 532 U.S. 731, 741 (2001), and the exhaustion requirement applies to all suits relating to prison life, *Porter v. Nussle*, 534 U.S. 516, 532 (2002).

In the complaint, Plaintiff states that there is an inmate appeal or administrative grievance process available at his institution, he submitted a request for administrative relief, and he appealed his request for relief to the highest level. (ECF No. 1, p. 3.) However, Plaintiff further states that he is "awaiting decision on filed 602 grievance dated May 24th, 2023 due response July 2023." (*Id.*) The complaint is signed and dated July 2, 2023. (*Id.* at 4.)

Plaintiff appears to allege claims arising from being forcibly medicated beginning in approximately 2020 and possibly continuing to the present.[1] Based on the information provided, it appears Plaintiff filed suit prematurely without first exhausting his administrative remedies in compliance with the PLRA, section 1997e(a).

Accordingly, Plaintiff is HEREBY ORDERED to show cause within **twenty-one (21) days** from the date of service of this order why this action should not be dismissed, without prejudice, for failure to exhaust prior to filing suit. *See, e.g.*, *Albino v. Baca*, 747 F.3d 1162, 1169 (9th Cir. 2014) (in rare cases where a failure to exhaust is clear from the face of the complaint, it may be dismissed for failure to state a claim); *Medina v. Sacramento Cty. Sheriff's Dep't*, No. 2:16-cv-0765 AC P, 2016 WL 6038181, at *3 (E.D. Cal. Oct. 14, 2016) ("When it is clear from the face of the complaint and any attached exhibits that a plaintiff did not exhaust his available

---

[1] The current action appears to be Plaintiff's attempt to re-file claims against Defendants Maya and Rauf that were previously dismissed for failure to exhaust administrative remedies. *See Driver v. Kern Cty. Super. Ct.*, Case No. 2:20-cv-01665-TLN-KJN, 2023 WL 3340887, at *1 (E.D. Cal. May 10, 2023) ("While defendants Rauf and Maya are not entitled to summary judgment as to the merits of plaintiff's claim alleging that they ignored his complaints that Invega caused him to suffer chest pain and heart palpitations, defendants Rauf and Maya are entitled to summary judgment as to this claim based on plaintiff's failure to exhaust administrative remedies."), findings and recommendations adopted in full by 2023 WL 4209550 (E.D. Cal. June 27, 2023). However, Plaintiff may also be attempting to challenge a current or ongoing forcible medication order. *See* ECF No. 1, p. 4 (requesting "restraining court order to stop the force medicating"); ECF No. 10 (order of intradistrict transfer finding that Plaintiff is challenging forced medication at Kern Valley State Prison).

Plaintiff may wish to clarify which claims he is attempting to raise in this action in his response to the instant order.

administrative remedies before commencing an action, the action may be dismissed on screening for failure to state a claim."); *Lucas v. Dir. of Dep't. of Corrs.*, 2015 WL 1014037, at *4 (E.D. Cal. Mar. 6, 2015) (relying on *Albino* and dismissing complaint without prejudice on screening due to plaintiff's failure to exhaust administrative remedies prior to filing suit).

IT IS SO ORDERED.

Dated:   **August 23, 2023**           /s/ *Barbara A. McAuliffe*           
                                         UNITED STATES MAGISTRATE JUDGE