# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BILLY DRIVER, JR., | Case No. 1:23-cv-01251-JLT-BAM (PC) |
| Plaintiff, | ORDER DISCHARGING ORDER TO SHOW CAUSE |
| v. | (ECF No. 13) |
| MAYA, *et al.*, | FINDINGS AND RECOMMENDATIONS REGARDING DISMISSAL OF ACTION FOR FAILURE TO EXHAUST ADMINISTRATIVE REMEDIES |
| Defendants. | |
| | **FOURTEEN (14) DAY DEADLINE** |

Plaintiff Billy Driver, Jr. ("Plaintiff") is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983. This action was initiated on July 10, 2023 in the Sacramento Division of the United States District Court for the Eastern District of California. (ECF No. 1.) The action was transferred to the Fresno Division on August 22, 2023. (ECF No. 10.)

On August 23, 2023, the Court issued an order requiring Plaintiff to show cause, within twenty-one days, why this action should not be dismissed for failure to exhaust administrative remedies. (ECF No. 13.) On September 1, 2023, Plaintiff filed a response to the order to show cause. (ECF No. 16.)

///

///

1

## I.    Legal Standard

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity and/or against an officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  Plaintiff's complaint, or any portion thereof, is subject to dismissal if it is frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1), (2); 28 U.S.C. § 1915(e)(2)(B)(ii).

Pursuant to the Prison Litigation Reform Act of 1996, "[n]o action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted."  42 U.S.C. § 1997e(a).  Prisoners are required to exhaust the available administrative remedies prior to filing suit.  *Jones v. Bock*, 549 U.S. 199, 211 (2007); *McKinney v. Carey*, 311 F.3d 1198, 1199–1201 (9th Cir. 2002).  Exhaustion is required regardless of the relief sought by the prisoner and regardless of the relief offered by the process, *Booth v. Churner*, 532 U.S. 731, 741 (2001), and the exhaustion requirement applies to all suits relating to prison life, *Porter v. Nussle*, 435 U.S. 516, 532 (2002).

In rare cases where a failure to exhaust is clear from the face of the complaint, it may be dismissed for failure to state a claim.  *See, e.g.*, *Albino v. Baca*, 747 F.3d 1162, 1169 (9th Cir. 2014); *Medina v. Sacramento Cty. Sheriff's Dep't*, No. 2:16-cv-0765 AC P, 2016 WL 6038181, at *3 (E.D. Cal. Oct. 14, 2016) ("When it is clear from the face of the complaint and any attached exhibits that a plaintiff did not exhaust his available administrative remedies before commencing an action, the action may be dismissed on screening for failure to state a claim."); *Lucas v. Dir. of Dep't. of Corrs.*, 2015 WL 1014037, at *4 (E.D. Cal. Mar. 6, 2015) (relying on *Albino* and dismissing complaint without prejudice on screening due to plaintiff's failure to exhaust administrative remedies prior to filing suit).

## II.    Discussion

In the complaint, Plaintiff states that there is an inmate appeal or administrative grievance process available at his institution, he submitted a request for administrative relief, and he

2

appealed his request for relief to the highest level. (ECF No. 1, p. 3.) However, Plaintiff further states that he is "awaiting decision on filed 602 grievance dated May 24th, 2023 due response July 2023." (*Id.*) The complaint is signed and dated July 2, 2023. (*Id.* at 4.) Based on this information, it appeared Plaintiff filed suit prematurely without first exhausting his administrative remedies in compliance with the PLRA, section 1997e(a).

In his response to the Court's order to show cause, Plaintiff states that he filed a health grievance regarding the claims in this suit to the last and final level of the CDCR Health Care Grievance process two weeks ago, on August 13, 2023. (ECF No. 16.) Plaintiff argues that the Court can and should review the current processing of his healthcare grievance and state that it will be totally exhausted in 60 days from the filing date of August 13, 2023. (*Id.*) Plaintiff further contends that he should be allowed to proceed because he originally filed his healthcare grievance on June 6, 2023, mailed it to the last and final level on August 13, 2023, and it will be totally exhausted in 60 days. (*Id.*)

Based on the foregoing, it appears that as of July 10, 2023, the date Plaintiff filed the complaint, Plaintiff had not yet exhausted his administrative remedies. Further, Plaintiff's response indicates his awareness that although he has submitted his grievance to the final level of appeal, he has not yet received a decision even as of the date his response was filed, much less prior to the time the complaint was filed. Therefore, because Plaintiff has not yet received a decision, Plaintiff failed to exhaust his administrative remedies before filing this action.

**III.     Order and Recommendation**

Accordingly, the order to show cause issued on August 23, 2023, (ECF No. 13), is HEREBY DISCHARGED.

Furthermore, it is HEREBY RECOMMENDED that this action be dismissed, without prejudice, based on Plaintiff's failure to exhaust administrative remedies prior to filing suit.

These findings and recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within **fourteen (14) days** after being served with these findings and recommendations, Plaintiff may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's

Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may result in the waiver of the "right to challenge the magistrate's factual findings" on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:  **September 5, 2023**          /s/ Barbara A. McAuliffe         _
                                        UNITED STATES MAGISTRATE JUDGE

4